UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LISA M HUGAR,

    Plaintiff,

v().    Case No: 5:20-cv-221-PRL

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

### Order

This matter is before the Court on the motion of Plaintiff's counsel, F. Emory Springfield, for authorization to charge a reasonable fee pursuant to 42 U.S.C. §406(b) in the amount of $13,584.18. (Doc. 31). In support of the motion, Mr. Springfield has filed a signed fee agreement in which Plaintiff acknowledges a 25% fee award of past due benefits. (Doc. 31-1).

In his motion, Mr. Springfield states that the fee requested is based on 25% of a combined amount of past due benefits that were paid to Plaintiff ($49,774.10) and an overpayment ($34,350.00) for a total of $84,124.10. (Doc. 31 at 2). The Commissioner filed a response in opposition, arguing that based on provisions of the SSA's Program Operations Manual System (POMS), the amount withheld to recover the overpayment ($34,350.00) should not be combined with the amount Plaintiff received to calculate the 25% of Plaintiff's past due benefits. Given this opposition, the Court directed Mr. Springfield to show cause why the amount withheld should be combined with the past due benefits, as opposed to the

Commissioner's interpretation of the POMS. (Doc. 36). Mr. Springfield filed a response and clarified his position. (Doc. 37). The Commissioner then filed a sur-reply. (Doc. 40).

**I.     Background**

Plaintiff was first awarded benefits on October 16, 2013, with an onset date of August 15, 2010. After a continuing disability review, Plaintiff's benefits were terminated effective August 31, 2016. (Doc. 37 at 7). Plaintiff elected to continue to receive benefits while appealing the Agency's decision to terminate benefits. (Doc. 37 at 8). The right to continue benefits ended on April 3, 2019, when ALJ Fulcher affirmed the termination of benefits. From August 2016 to April 2019, benefits were paid to Plaintiff in the amount of $34,350.00. On June 17, 2019, the Agency notified Plaintiff of an overpayment in the amount of $34,350.00 and directed her to make payment by July 3, 2019. (Doc. 37 at 10).

Plaintiff appealed to this Court the decision to terminate benefits. On April 16, 2021, this Court reversed and remanded the case to the Social Security Administration for further proceedings. (Doc. 23). On May 5, 2021, the Court entered an order, awarding attorney's fees to Mr. Springfield under the Equal Access to Justice Act (EAJA) in the sum of $7,446.84, for time spent representing Plaintiff before this Court. (Doc. 26). Subsequently, on remand, ALJ Statum issued a fully favorable decision on October 19, 2022, in which she found that Plaintiff continues to be disabled. (Doc. 31-1). On October 29, 2022, the Agency issued a Notice of Change of Benefits finding that Plaintiff was owed past due benefits in the amount of $49,774.10 and that the overpayment amount had been corrected to $0.00.

Accordingly, Mr. Springfield contends that the attorney fee payable from Plaintiff's past-due benefits is $13,584.18. This is twenty five percent of the past due benefits – 84,124.10 (back due amount of $49,774.10 and eliminated overpayment amount of $34,350.00) – minus

the previously awarded EAJA fees in the amount of $7,446.84. In her sur-reply, while acknowledging she had misconstrued Plaintiff's counsel's argument, the Commissioner nevertheless argues that the overpayment amount should not be included in the past due benefits based on various sections of the POMS. (Doc. 40).

## II. Discussion

An attorney, as here, who successfully represents a Social Security claimant in court may be awarded as part of the judgment "a reasonable fee ... not in excess of 25 percent of the ... past-due benefits awarded to the claimant." 42 U.S.C. §406(b)(1)(A). The fee is payable out of, and not in addition to, the amount of [the] past-due benefits. *Id.* As required by *Gisbrecht v. Barnhardt*, 535 U.S. 789, 808 (2002), courts should approach contingent-fee determinations by first looking to the agreement between the attorney and the client, and then testing that agreement for reasonableness. When called upon to assess the reasonableness of the award, a court should balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensated so that they continue to represent clients in disability benefits cases. *Gisbrecht,* 535 U.S. at 805. In making this reasonableness determination, the *Gisbrecht* court highlighted several important factors including: (1) whether the requested fee is out of line with the character of the representation and the results the representation achieved; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether the benefits awarded are large in comparison to the amount of time counsel spent on the case, the so-called windfall factor. *Id.* at 808. In these instances, a downward reduction may be in order.

Here, the Court finds that the requested attorney's fees are reasonable. As an initial matter, the Court agrees that the past due benefits should include the overpayment amount of $34,350.00. According to the POMS GN 03920.030.B.4, the definition of past due benefits for the purposes of calculating a representative's fee can include the amount of an overpayment if the recovery of the overpayment was waived by the agency. That section states, "Past due benefits include: . . . Benefits that are now due to the claimant as a result of a determination that a deduction or termination event did not occur, that a penalty did not apply, or that recovery of an overpayment is waived." POMS GN 03920.030.B.4 (emphasis added). As Mr. Springfield notes, his representation resulted in the finding on remand that the termination event (i.e., medical improvement) did not occur resulting in the agency (1) no longer seeking to recover from Plaintiff the overpayment of $34,350.00; **and** (2) finding that she was due an additional $49,774.10 in back benefits.

The Court is unpersuaded by the Commissioner's arguments to the contrary which are based on the technical language of the POMS. First, the Commissioner contends that the Agency did not waive the overpayment because the Notice of Change of Benefits advising Plaintiff that she was no longer responsible to repay the $34,5000 in benefits, used the word "corrected" instead of "waived." Second she argues that the $34,500.00 overpayment cannot be considered past due benefits because it is not "now due to the claimant" as discussed in POMS GN 03920.030.B.4.[1]

It is worth noting that the POMS, which are the Agency's internal guidelines, do not carry the force of law. *See Wells v. Comm'r of Soc. Sec.,* 430 F.App'x 785, 786 (11th Cir. 2011).

---

[1] POMS GN 03920.030.B.4. states, "[p]ast due benefits include:. . . Benefits that are now due to the claimant. . ."

Moreover, the hyper-technical reading of the POMS advanced by the Commissioner leads to an illogical result in this case. Whether the Agency used the word "corrected" or "waived" in its Notice, Plaintiff was relieved of her obligation to repay the $34,500.00. If Mr. Springfield had not achieved this favorable result, Plaintiff presumably would still be responsible for the repayment. And if Plaintiff had elected to not receive benefits during the pendency of her appeal, those past due benefits would *now* be "due to the claimant." Accordingly, the Court agrees with Plaintiff that the $34,500.00 should be included.

As for the requested fee, the Court finds that it will not result in a windfall for counsel –i.e., that counsel is receiving compensation he is not entitled to and that payment of the compensation would be unfair or detrimental to Plaintiff. In this regard, Mr. Springfield has submitted a signed fee agreement in which Plaintiff acknowledged that counsel would receive 25% of all past due benefits awarded on appeal. (Doc. 31-1 at 21-22). Moreover, Mr. Springfield avers that over the past four years he spent more than 40 hours representing Plaintiff in this matter. (Doc. 31-1 at 3-4).

Accordingly, for these reasons, Mr. Springfield's motion for authorization to charge a reasonable fee pursuant to 42 U.S.C. 406(b) (Doc. 31) is due to be **GRANTED**. Section 406(b) fees are approved for Mr. Springfield in the sum of $13,584.18.[2]

**DONE** and **ORDERED** in Ocala, Florida on February 6, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] The Commissioner noted that the agency is only able to pay counsel the amount previously withheld from the past due amount for attorney's fees, which was based on past due benefits in the amount of $49,774.10. (Doc. 40 at 4, n.1). Thus, Mr. Springfield must look to his client for any additional attorney's fees owed pursuant to this Order.